NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

SUSAN AILEEN LEE,

        Plaintiff,

        v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

Civil Action No. 18-10181 (MAS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

        This matter comes before the Court on Susan Aileen Lee's ("Plaintiff") appeal from the final decision of Andrew Saul[1], Commissioner of the Social Security Administration ("Defendant" or "Commissioner"), denying Plaintiff's application for a period of disability and disability insurance benefits ("DIB"). (Compl., ECF No. 1.) The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 405(g) and reaches its decision without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court affirms the Administrative Law Judge's ("ALJ") decision.

---

[1] Nancy A. Berryhill previously served as Acting Commissioner of the Social Security Administration. Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019.

# I.    BACKGROUND

## A.    Procedural History[2]

Plaintiff applied for DIB in January 2015, alleging disability based on depression, post-traumatic stress disorder, and lateral malleolus fracture, beginning on July 8, 2011. (AR 227-36, 261.) This claim was denied initially and upon reconsideration. (*Id.* at 147-58, 162-66.) The ALJ conducted an administrative hearing on July 27, 2017, following which the ALJ issued a decision finding that Plaintiff was not disabled. (*Id.* at 18-29, 35-95.) The Appeals Council denied Plaintiff's request for review on April 18, 2018. (*Id.* at 1-3.) On June 5, 2018, Plaintiff filed an appeal to the District Court of New Jersey (ECF No. 1) and the case was assigned to Chief Judge Jose L. Linares. Plaintiff filed her moving brief on November 5, 2018 (ECF No. 15) and the Commissioner filed opposition on January 17, 2019. (ECF No. 18). On April 3, 2019, this case was reassigned to the Undersigned for all further proceedings. (ECF No. 21.)

## B.    The ALJ's Decision

On October 26, 2017, the ALJ rendered a decision. (AR 18-29.) The ALJ set forth the Social Security Administration's five-step sequential process for determining whether an individual is disabled. (*Id.* at 20-21.) At step one of the analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity ("SGA") since July 8, 2011, the alleged disability onset date. (*Id.* at 21.) At step two of the analysis, the ALJ found that Plaintiff had the severe impairments of "post-traumatic stress disorder (PTSD), depression, and anxiety disorder." (*Id.* at 22.) The ALJ also noted Plaintiff's diagnosis of "left ankle osteochrondral lesion of the talus" based on a 2014

---

[2] The Administrative Record is located at ECF Nos. 9-1 through 9-8. The Court will reference the relevant pages of the Administrative Record ("AR") and will not reference the corresponding ECF citations within those files.

2

injury. (*Id.*) The ALJ found the left ankle osteochrondral lesion non-severe because the evidence of record did not establish work-related functional limitations for a period of twelve continuous months. (*Id.*)

The ALJ additionally stated that the evidence of record established the impairments of hypertension and hyperlipidemia but did not establish work-related functional limitations for a period of twelve continuous months. (*Id.*) In addition, the ALJ recognized Plaintiff's obesity but stated that there is no evidence of record indicating that Plaintiff's weight more than minimally effects her ability to perform basic work activities. (*Id.*) Finally, the ALJ noted that Plaintiff was diagnosed with back pain and lumbar strain but found that they did not constitute medically determinable impairments. (*Id.* at 22-23.)

At step three, the ALJ determined that none of Plaintiff's impairments, or combination of impairments, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 23.) The ALJ next found that Plaintiff possessed the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels, but with the following non-exertional limitations: she can perform, use judgment, and tolerate occasional changes in a routine work setting that is consistent with routine and repetitive tasks; and occasional interaction with supervisors, co-workers, and the public.

(*Id.* at 24.)

At step four, the ALJ found Plaintiff able to complete past relevant work as a cleaner. (*Id.* at 28.) The ALJ, accordingly, found that Plaintiff has not been under a disability from July 8, 2011, through the date of the decision. (*Id.* at 29.)

## II. LEGAL STANDARD

### A. Standard of Review

On appeal from the final decision of the Commissioner of the Social Security Administration, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1383(c)(3); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999); *Jones v. Sullivan*, 954 F.2d 125, 127-28 (3d Cir. 1991); *Daring v. Heckler*, 727 F.2d 64, 68 (3d Cir. 1984). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the Court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation omitted). Even if the Court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001). The Court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir.

2014) (citing *Schaudeck v. Comm'r*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (internal citation omitted).

### B.    Establishing Disability

In order to be eligible for entitlements under the Social Security Act, a claimant must be unable "to engage in any [SGA] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A). For purposes of the statute, a claimant is disabled only if her physical or mental impairments are "of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A); *see also* 42 U.S.C. § 1382c(a)(3)(B). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3); *see also* 42 U.S.C. § 1382c(a)(3)(D).

Social Security regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 416.920(a)(4). The first step considers a claimant's work activity, if any. 20 C.F.R. § 416.920(a)(4)(i). To satisfy the first step, the claimant must establish that she has not engaged in any SGA since the onset of her alleged disability. *Id.* At the second step, the claimant must establish that she suffers from a severe impairment or "combination of

impairments." 20 C.F.R. § 416.920(a)(4)(ii). The claimant bears the burden of establishing the first two requirements, and failure to satisfy either automatically results in denial of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146-49 n.5 (1987). If the claimant satisfies her burden, she proceeds to the third step. The third step of the evaluation procedure requires the claimant to provide evidence that her impairment is equal to one of those impairments listed in Appendix 1 of the regulations. 20 C.F.R. § 416.920(a)(4)(iii). If the claimant demonstrates that she suffers from a listed impairment or that her severe impairment is equal to a listed impairment, she is presumed disabled and is automatically entitled to benefits. *Id.* If her claim falls short, the eligibility analysis proceeds to step four.

The fourth step of the analysis requires the ALJ to determine whether the claimant's RFC permits her to resume her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). "A claimant's RFC measures 'the most [she] can do despite [her] limitations.'" *Zirnsak*, 777 F.3d at 611 (citing 20 C.F.R. § 404.1545(a)(1)). If the Commissioner determines that the claimant cannot resume her past relevant work, the burden presumptively shifts to the Commissioner to show "the existence of other available work that the claimant is capable of performing." *Zirnsak*, 777 F.3d at 612 (citations omitted). The Commissioner must show at step five that "given [the] claimant's age, education, and work experience, he or she can still perform specific jobs that exist in the national economy." *Podedworny v. Harris*, 745 F.2d 210, 217 (3d Cir. 1984) (citing *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979)); *see also* 20 C.F.R. § 404.1560. At this step, whether a claimant will receive benefits depends on the Commissioner's finding that the claimant is unable to perform work available in sufficient numbers in the national economy. *Zirnsak*, 777 F.3d at 612.

## III. DISCUSSION

### A. Parties' Positions

Plaintiff argues that the ALJ erred by failing to evaluate the opinions of Plaintiff's treating psychologist in accordance with the regulations, Agency policy and Third Circuit precedent. (Pl.'s Moving Br. 5, ECF No. 15.) Plaintiff also argues that the ALJ's credibility finding is flawed. (*Id.*) With respect to her first argument, Plaintiff asserts that the opinions of Dr. Novaky, her treating psychologist, "(1) establish far greater and more detailed limitations than the ALJ found; and (2) met Plaintiff's burden of proof to establish that she is 'disabled' pursuant to the Agency's definition." (*Id.* at 14.) Plaintiff further argues that if the ALJ erroneously excluded limitations from Plaintiff's RFC, remand is required. (*Id.* at 15-16.) In addition, Plaintiff argues that the ALJ failed to recognize the significance of Dr. Novaky's opinions, "ignored without comment numerous § 404.1527 factors that favor crediting the opinions of Dr. Novaky[,]" and failed to identify the requisite contradictory medical evidence required in order to reject a treating source's opinion. (*Id.* at 16-24.)

With respect to her second argument, Plaintiff asserts that the ALJ's credibility finding "is generally flawed based on the foregoing." (*Id.* at 25.) Plaintiff also argues that the ALJ failed to consider her strong work history, which consisted of "four quarters of coverage every year for the 18 years prior to her alleged onset of disability." (*Id.* at 26.) Citing *Taybron v. Harris*, Plaintiff asserts that the ALJ's failure to consider this factor "compounded his already insufficient credibility finding based on the aforementioned issue and requires remand for further consideration." (*Id.* at 27) (citing *Taybron v. Harris*, 667 F.2d 412 (3d Cir. 1981)).

The Commissioner argues that the ALJ properly evaluated the evidence. (Def.'s Opp'n Br. 8-12, ECF No. 18.) The Commissioner asserts that "[c]ontrary to Plaintiff's argument, the ALJ

provided legitimate reasons to assign only 'little' weight to Dr. Novaky's opinion." (*Id.* at 9.) According to the Commissioner, the ALJ did not err in discounting Dr. Novaky's opinion because it was unsupported by the record as a whole. (*Id.* at 10.) The Commissioner further argues that the ALJ's evaluation of Plaintiff's subjective complaints was supported by substantial evidence. (*Id.* at 12-14.) Defendant also argues that facts of *Taybron v. Harris*, the case relied upon by Plaintiff for the proposition that the ALJ should have adequately considered her work history, are distinguishable from the facts of the present case. (*Id.* at 13) (citing *Taybron*, 667 F.2d at 413-15.) The Commissioner argues that, in contrast to the facts of *Taybron*, "the medical evidence in this case documents no evidence of any condition that produced disabling functional limitations during the relevant period." (*Id.*)

### B.     The ALJ's Decision Was Supported by Substantial Evidence

The Court finds good cause to affirm the findings of the ALJ. In reaching a decision, an ALJ must evaluate the evidence and explain the reasons for accepting or rejecting evidence. *Cotter*, 642 F.2d at 706-07. Nevertheless, the ALJ is provided latitude to deliver a decision in the format he considers most appropriate while maintaining the requirement that he provide the opportunity for meaningful court review. *Jones v. Barnhart*, 364 F.3d 501, 504-05 (3d Cir. 2004).

"An ALJ must give great weight to a claimant's subjective testimony of the inability to perform even light or sedentary work [if the] testimony is supported by competent medical evidence." *Schaudeck.*, 181 F.3d at 433. The ALJ "can reject such claims if he does not find them credible" if the decision contains an adequate discussion of the reasons behind the ALJ's findings. *Id.* (citing *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974)). Significantly, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." *Brown*, 649 F.3d 193, 196 n.2 (3d Cir. 2011). Moreover, "a statement by a plaintiff's

8

treating physician supporting an assertion that [he or] she is 'disabled' or 'unable to work' is not dispositive of the issue." *Adorno v. Shalala*, 40 F.3d 43, 47-48 (3d Cir. 1994) (citing *Wright v. Sullivan*, 900 F.2d 675, 683 (3d Cir. 1990)). Ultimately, it is not the Court's role to re-weigh the evidence, either against or in favor of Plaintiff, or "impose [its] own factual determinations." *Chandler v. Comm'r*, 667 F.3d 356, 359 (3d Cir. 2011) (citing *Richardson*, 402 U.S. at 401).

The ALJ in the present case evaluated the evidence in a sufficiently thorough manner for the Court to find that his decision was supported by substantial evidence. In reaching his decision, the ALJ carefully considered the evidence of record, including: Plaintiff's testimony and subjective complaints of pain; Dr. Novacky's opinions; other medical evidence of record; and the vocational expert's ("VE") testimony. The ALJ's decision summarized Plaintiff's testimony regarding: (1) her height, weight, living situation, and activities of daily living; (2) reading comprehension issues; (3) volunteer activities; (4) work history; and (5) psychological history. (AR 25.) The ALJ also discussed Plaintiff's treatment with Dr. Novaky. (*Id.* at 26.) The ALJ concluded that:

> [t]he evidence in the record as a whole does not demonstrate that the claimant's impairments have resulted in any work preclusive limitations. The claimant was prescribed psychotropic medications by her primary physician every [three] to [five] months; and she never received treatment with a psychiatrist. . . . The claimant only stopped working as [a] massage therapist because the practice closed down. Furthermore, she is opening her own practice, which shows that she has the capacity to work. . . . In addition, she collected unemployment benefits and looked for work, which also shows that she had the capacity to work. Finally, the claimant testified that she is able to perform a cleaning job if she is not around people.

(*Id.*)

Furthermore, in reaching his decision, the ALJ weighed the opinion evidence of record. Specifically, the ALJ assigned great weight to the opinions of the State agency's psychological consultants, Seymour Bortner, M.D. and Carlos Jusino-Berrios, M.D. (*Id.* at 27.) The ALJ gave

partial weight to the opinions of the State agency's medical consultants, Deogracias Bustos, M.D. and Mary McLarnon, M.D. (*Id.*) The ALJ gave great weight to the opinion of Plaintiff's podiatrist, Barry Finkelstein, M.D. (*Id.*) The ALJ afforded "little weight" to the opinion of Dr. Novarky. (*Id.*) The ALJ also included reasoning for the weight he provided to the opinion evidence. (*Id.* at 27-28.)

The ALJ's decision as a whole demonstrates that he considered the record evidence in an effort to catalogue the relative weight and reasons behind his findings. The Court, accordingly, finds Plaintiff's arguments unpersuasive. The ALJ in the present case did not discredit Dr. Novaky's opinion evidence entirely. Rather, the ALJ afforded it "little weight" and substantiated the weight provided in the context of the other record evidence. (*Id.*) The Court, therefore, finds no error with respect to the weight the ALJ provided to Dr. Novaky's opinion evidence. In addition, the Court finds the facts of the present case distinguishable from the facts of *Taybron v. Harris* because, as argued by the Commissioner, the record evidence does not reflect disabling functional limitations during the relevant period. *See Taybron*, 667 F.2d at 413-15. Here, the Court finds that the ALJ's decision was supported by substantial evidence.

## IV. CONCLUSION

For the foregoing reasons, the decision of the ALJ is affirmed. An Order consistent with this Memorandum Opinion will be entered.

> s/ Michael A. Shipp
> **MICHAEL A. SHIPP**
> **UNITED STATES DISTRICT JUDGE**

**Dated:** June 30, 2019